# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1367V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BENJAMIN S. MAXWELL,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Jennifer A. Shah

Filed: April 6, 2026

*Elizabeth Muldowney*, Sands Anderson, P.C., Richmond, VA, for Petitioner.
*Dorian Hurley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 28, 2017, Benjamin Maxwell ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* [2] ("the Vaccine Program"). ECF No. 1 ("Pet."). The Petition alleged that Petitioner suffered from suffered from an inflammatory polyarthropathy and/or rheumatoid arthritis ("RA") caused by an influenza ("flu") vaccination he received on October 5, 2014. *Id.* at 1. The petition alternatively alleged that the vaccination significantly aggravated an unnamed preexisting condition. *Id.* Throughout the course of the litigation, Petitioner clarified that he alleged he developed seronegative RA caused by the subject flu vaccination. *See, e.g.*, Ex. 18 (report of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner's expert, Dr. M. Eric Gershwin).

On September 21, 2022, former Special Master Katherine E. Oler held an entitlement hearing, at which Drs. Gershwin, Oddis, and He testified.  Minute Entry dated 9/21/2022; Tr. at 3. After the hearing, the parties filed further expert reports and literature.  Exs. 53-62; L-R.  The parties filed post-hearing briefs on February 7, April 10, and June 2, 2023.  ECF Nos. 85, 86, 88.

This case was reassigned to me on August 13, 2024.  ECF No. 92.  On March 26, 2025, I issued a decision denying entitlement and dismissing the petition.  ECF No. 93.

On July 23, 2025, Petitioner filed an application for final attorneys' fees and costs.  ECF No. 97 ("Fees App.").  Petitioner requests a total of $161,340.99 for attorneys' fees and costs.  *Id.* at 11.  Petitioner affirmed that he did not incur any personal costs.  Ex. 65.  Respondent responded to the motion on August 6, 2025, stating "Respondent defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case."  ECF No. 99 ("Fees Resp.") at 2.  Petitioner filed a reply brief on August 11, 2025.  ECF No. 100 ("Fees Reply").

This matter is now ripe for consideration.

## I.      Legal Standards

Section 15(e)(1) of the Vaccine Act permits a special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for such an award so long as the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of such fees and costs.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895 n.11.  The petitioner bears the burden of proving that the requested hourly rate is reasonable.  *Id.*

2

### A. Good Faith

The good faith requirement is assessed through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion"). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

The Federal Circuit has clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

3

When determining if a reasonable basis exists, a special master may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.    Discussion

### A.  Good Faith and Reasonable Basis

Respondent did not raise any specific objections regarding good faith and reasonable basis. *See* Fees Resp. at 2 (deferring to me as to "whether the statutory requirements for an award of attorneys' fees and costs are met in this case"). On January 2, 2020, former Special Master Oler issued a decision awarding interim attorney's fees and costs. ECF No. 41. She found that the petition was "filed in good faith and with a reasonable basis." *Id*. at 3. Later, an evidentiary hearing was held with expert testimony. I conclude this case was brought in good faith and maintained a reasonable basis.

### B.  Attorneys' Fees

Petitioner requests a total of $124,389.80 in attorneys' fees. Fees App. at 6; Ex. 63 at 1.

#### 1.   Reasonable Hourly Rate

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 895 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[3]

Petitioner requests compensation for Ms. Elizabeth Muldowney at the following hourly rates: $353.00 for work performed in 2017; $363.00 for work performed in 2018; $372.00 for work performed in 2019; $388.00 for work performed in 2020; $408.00 for work performed in 2021; $421.00 for work performed in 2022; and $450.00 for work performed in 2023; $475.00 for work

---

[3] The 2015-2026 Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

performed in 2024; and $510.00 for work performed in 2025.  Fees App. at 5-6.  Petitioner also requests compensation for work performed by Mr. Ramon Rodriguez III, attorney, for $405.00 per hour for work performed in 2019.  *Id*.  Lastly, Petitioner requests compensation for paralegal work. *Id*.  Petitioner requests compensation for Ms. Brooke Heilesen, paralegal, at the following hourly rates: $166.00 for work performed in 2021; $177.00 for work performed in 2022; 186.00 for work performed in 2023; $195.00 for work performed in 2024; and $210.00 for work performed in 2025. *Id*.  Petitioner requests compensation for Ms. Melissa Fagley-Deeck, paralegal, at $195.00 per hour for work performed in 2024.  *Id*.  Petitioner requests compensation for Ms. Nicole Dernelle-Ruhlow, paralegal, at the following hourly rates: $149.00 for work performed in 2018; $151.00 for work performed in 2019; $158.00 for work performed in 2020; $166.00 for work performed in 2021; $177.00 for work performed in 2022; and $195.00 for work performed in 2025.  *Id*.

These hourly rates are consistent with what Ms. Muldowney and her firm have previously been awarded.  *See Derkach v. Sec'y of Health & Hum. Servs.*, No. 17-1648V, 2025 WL 3754119 (Fed. Cl. Spec. Mstr. Dec. 4, 2025); *Bodie v. Sec'y of Health & Hum. Servs.*, No. 19-1351V, 2025 WL 2650579 (Fed. Cl. Spec. Mstr. Aug. 20, 2025).  I see no reason to disturb the rates requested by Ms. Muldowney and her colleagues. Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

2.   Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation."  *Avera*, 515 F.3d at 1348.  Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable.  *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993).  Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1522.   Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent.  *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin*, 85 Fed. Cl. at 318.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  *Broekelschen*, 102 Fed. Cl. at 729.  Instead, the special master may make a global reduction to the total amount of fees requested.  *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.  It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

5

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary due to time billed for administrative and clerical tasks. Most of this was for receiving and reviewing filing notifications or for formatting exhibits. *See* Ex. 63. Examples include (but are not limited to):

- January 11, 2018: 0.1 hours billed by Ms. Elizabeth Muldowney: "*Received and reviewed* motion for extension of time to update the court on position";

- July 30, 2019: 0.2 hours billed by Ms. Elizabeth Muldowney: "*Received and reviewed* respondent's status report[.] Received *and reviewed* scheduling order";

- January 1, 2022: 0.5 hours billed by Ms. Nicole G. Dernelle-Ruhlow: "*Format three sets of updated records as exhibits* for filing with the court."

*Id*. (emphasis added). These issues have previously been raised with Ms. Muldowney and her colleagues. *See Eloyan v. Sec'y of Health & Hum. Servs.*, No. 18-1450V, 2024 WL 3913710, at *5 (Fed. Cl. Spec. Mstr. July 8, 2024) (applying a $1,000.00 deduction for administrative tasks); *Coleman v. Sec'y of Health & Hum. Servs.*, No. 19-1476V, 2024 WL 945845, at *2 (Fed. Cl. Spec. Mstr. Jan. 31, 2024) (same). Because these tasks were performed by multiple individuals over multiple years, and billed at different hourly rates, I will apply a flat $1,500.00 deduction from the requested attorneys' fees for these charges.

Additionally, in the Vaccine Program, special masters have consistently compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *3 (Fed. Cl. Spec. Mstr. Aug. 2, 2023); *Quinones v. Sec'y of Health & Hum. Servs.*, No. 11-154V, 2023 WL 6464905, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009). Here, it appears that Ms. Muldowney billed at her full hourly rate for travel to and from Washington, D.C., for the entitlement hearing. Ex. 63 at 12-13 (1.90 hours billed on 9/19/2022 to "Travel to DC" and 2.00 hours billed on 9/22/2022 to "Travel back from DC"). I will apply a 50% reduction to counsel's requested hourly rate for time spent traveling. This results in a $820.95 reduction.[4]

Accordingly, I award Petitioner a total of **$122,068.85** in attorneys' fees.[5]

---

[4] This total reflects a 50% reduction in Ms. Muldowney's $421.00 requested hourly rate for 2022 for the 3.90 hours spent traveling to and from Washington, D.C. ($421.00 x 0.50 = $210.50 x 3.9 hours for travel = $820.95).

[5] This total reflects Petitioner's $124,389.80 request for attorneys' fees minus the $1,500.00 reduction for billing for administrative and clerical tasks and the $820.95 reduction for billing for travel at counsel's full hourly rate ($124,389.80 - $1,500.00 - $820.95 = $122,068.85).

**C.  Reasonable Costs**

Petitioner requests a total of $36,951.19 in attorneys' costs, consisting of $8.00 for binders; $163.06 for mail services; $400.00 for filing fees; $587.72 for medical records requests; $598.50 for the hearing transcripts; $1,336.50 for copying; $1,732.41 for travel expenses; and $32,125.00 for Dr. Gershwin's expert costs.  Ex. 63 at 16-18; *see* Ex. 64.

Petitioner provided documentation for the costs associated with the mail services, filing fees, medical records requests, transcripts, and travel expenses.  Ex. 64.  I find the costs for these items to be reasonable and award them in full.  Petitioner did not provide documentation for the binders and copying charges; however, because these costs are normal business expenses and are not unreasonable, I award them in full.  I discuss Petitioner's expert costs below.

1.  Petitioner's Expert Costs for M. Eric Gershwin, M.D.

Petitioner requests $32,125.00 for Dr. Gershwin's work in this case, reflecting 64.25 hours of work at a rate of $500.00 per hour.  Ex. 63 at 16-17; Ex. 64 at 2, 5, 9, 20, 44, 55-56, 58-59.  Dr. Gershwin has been awarded his requested hourly rate by other special masters, and I see no reason to disturb his request.  *See Brooks v. Sec'y of Health & Hum. Servs.*, No. 22-1892V, 2025 WL 4103505, at *6 (Fed. Cl. Spec. Mstr. Dec. 16, 2025); *K.K. v. Sec'y of Health & Hum. Servs.*, No. 17-621V, 2026 WL 880578, at *4 (Fed. Cl. Spec. Mstr. Mar. 5, 2026); *Zambelli v. Sec'y of Health & Hum. Servs.*, No. 19-551V, 2024 WL 1406314, at *6 (Fed. Cl. Spec. Mstr. Mar. 6, 2024).  I find the overall number of hours Dr. Gershwin worked on this case to be reasonable, and I will award his expert costs in full.

I award Petitioner a total of **$36,951.19** in attorneys' costs.[6]

## III.  Conclusion

Accordingly, I **GRANT IN PART** Petitioner's application and award the following:

- Petitioner is awarded attorneys' fees and costs in the total amount of **$159,020.04**, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

---

[6] Petitioner is awarded of $8.00 for binders; $163.06 for mail services; $400.00 for filing fees; $587.72 for medical records requests; $598.50 for the hearing transcripts; $1,336.50 for copying; $1,732.41 for travel expenses; and $32,125.00 for Dr. Gershwin's expert costs; totaling $36,951.19.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

8

**IT IS SO ORDERED.**

<u>**s/ Jennifer A. Shah**</u>
Jennifer A. Shah
Special Master